**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GARY B. MOORE,                    No. C 15-4269 RS (PR)

       Petitioner,                 **ORDER TO SHOW CAUSE**

    v.

JEFF MACOMBER,

       Respondent.
_____/

## INTRODUCTION

For the second time petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the petition on or before August 15, 2016, unless an extension is granted.

## BACKGROUND

According to the prior and current petitions, in 2005, a Contra Costa County Superior Court jury found petitioner guilty of first degree residential burglary and found true allegations that petitioner had prior strike convictions, had committed prior serious felonies,

and had served two prior prison terms. In 2006, consequent to the verdicts, the trial court sentenced petitioner to a total term of 29 years in state prison.

The present suit is petitioner's second federal habeas action regarding these same state criminal convictions. The first habeas petition was denied and judgment entered in favor of respondent on May 16, 2012. (Case No. 09-1634, Docket Nos. 55 and 56.) Petitioner filed an appeal, which the Ninth Circuit terminated when it denied his request for a certificate of appealability on June 20, 2013. (*Id.*, Docket Nos. 61, 64 and 65.)

In 2015, petitioner obtained an amended judgment from the state courts after filing a habeas petition in the state appellate court. (Pet., Ex. J.) In that petition, he contended that two of the three prior convictions found true were not brought and tried separately, as required by state law. (*Id.*) The court agreed and directed the superior court to modify the judgment and set aside one of the sentencing enhancement priors. (*Id.*) The trial court modified the judgment and issued a modified abstract of judgment on January 14, 2015, which sentenced petitioner to 24 years. (*Id.*)

## DISCUSSION

At this stage of the proceedings, the Court will not dismiss this petition as second or successive, though a dismissal on such grounds is not foreclosed. Normally, in order to file a second or successive petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition, *see* 28 U.S.C. § 2244(b)(3)(A), which petitioner has not obtained. Here, however, an exception presents itself because this petition challenges the amended state court judgment petitioner received after his prior federal habeas petition had been denied. "[A] numerically second habeas petition challenging a judgment imposed after resentencing was not 'second or successive' under the AEDPA, where the first habeas petition was filed prior to resentencing and challenged the original judgment." *Wentzell v. Neven*, 674 F.3d 1124, 1126–27 (9th Cir. 2012) (citing *Magwood v. Patterson*, 561 U.S. 320, 339 (2010)). Under these standards, it appears this numerically second petition is not barred. The Court now will screen the petition.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) the trial court violated his right to due process by imposing a sentence that was illegal in various ways; (2) his sentence violates the terms of a prior plea agreement; (3) defense counsel rendered ineffective assistance; and (4) he was denied his Confrontation Clause rights when he was denied the opportunity to testify and examine witnesses and evidence at his sentencing hearing. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED**.

DATED: May 5, 2016

RICHARD SEEBORG
United States District Judge